# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIALEGEE TRIBAL TOWN and <br> RED CREEK HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN DELLINGER, Attorney General <br> of the Muscogee (Creek) Nation, <br> ROBERT HAWKINS, <br> Chief of Police of the Muscogee <br> Creek Lighthorse, <br> DANIEL WIND III, <br> Deputy Chief of Police of the <br> Muscogee Creek Lighthorse, <br> JOEY COMSTOCK, <br> Captain of Investigation of the <br> Muscogee Creek Lighthorse, <br> JOHN LINDSEY, <br> Lead Investigator of the <br> Muscogee Creek Lighthorse, <br> MUSCOGEE CREEK LIGHTHORSE <br> OFFICER IDENTIFIED AS LAYN 147, <br> JOHN DOE OFFICERS OF THE <br> MUSCOGEE CREEK LIGHTHORSE, <br><br> Defendants. | Case No. 17-CV-0478-CVE-FHM |

## OPINION AND ORDER

Now before the Court are plaintiffs' complaint (Dkt. # 2) and Motion for Preliminary Injunction and Temporary Restraining Order (Dkt. # 4). Plaintiffs Kialegee Tribal Town (Kialegee) and Red Creek Holdings, LLC (Red Creek) are seeking a temporary restraining order and preliminary injunction prohibiting the defendants from excluding the plaintiffs from property owned by Steve Bruner, a member of the Kialegee, on the ground that plaintiffs are violating the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq. (IGRA). The Court is reviewing this matter sua

sponte to fulfill its independent obligation to ensure that it has subject matter jurisdiction over this case. City of Albuquerque v. Soto Enterprises, Inc., 864 F.3d 1089 (10th Cir. 2017) ("the district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject matter jurisdiction").

Plaintiff Kialegee states that it is a federally recognized Indian tribe, and Kialegee member Stephen Bruner owns a parcel of land located within the city of Broken Arrow, Oklahoma. Dkt. # 2, at 2, 5. Bruner's land is an Indian allotment within the territory of the historical boundaries of the Muscogee Creek Reservation. Id. at 5. Plaintiff Red Creek is constructing a restaurant called Embers Grill on the Bruner allotment, and Kialegee is negotiating with the State of Oklahoma and the federal government to conduct gaming at this location. Id. at 3, 6. On June 6, 2017, the Attorney General for the Muscogee Creek Nation (MCN), Kevin Dellinger, sent a letter to Bruner advising him that the MCN was aware that Bruner was constructing Embers Grill on the Bruner allotment, and that the MCN believed that Bruner intended to conduct Class II gaming on the property. Dkt. # 4-3, at 2. The letter stated that any gaming activity on the property would be subject to the laws of the MCN and, in addition, Bruner would be required to comply with IGRA. Id. Dellinger advised Bruner that the Bruner allotment was located within the jurisdiction of the MCN, and he must initially apply for a license with the MCN before allowing gaming activity on his property. Id. Dellinger stated that the MCN "considers any violation of its laws and/or regulations to be a matter of serious concern, and it is especially concerned about violations related to unlicensed gaming operations." Id. The letter mentions IGRA and the National Indian Gaming Commission (NIGC) as sources of laws or regulations applicable to gaming on Indian lands, but the

letter is clear that tribal law is the primary basis for the MCN's demand that Bruner refrain from engaging in gaming on his property.

Plaintiffs allege that Penny Coleman, an attorney for Kialegee, responded to Dellinger's letter on August 2, 2017, and Coleman refuted Dellinger's claim that the Bruner allotment was subject to regulation by the MCN. Dkt. # 2, at 5-6. Plaintiffs allege that MCN law enforcement officials conducted a raid on Embers Grill and used excessive force in removing persons from the property. Id. at 6-7. Bruner was placed under arrest for violations of tribal law, and he has posted bond in tribal court. Id. at 7. Plaintiffs allege that law enforcement officials from the MCN have remained on the Bruner allotment, and they are refusing to allow plaintiffs access to the property. Id. at 7. On August 24, 2017, plaintiffs filed this case against Dellinger and members of the MCN law enforcement agency, the MCN Lighthorse, seeking a preliminary and permanent injunction preventing the defendants from denying plaintiffs' access to the Bruner allotment. Id. at 11. Plaintiffs have also filed a motion for temporary restraining order and preliminary injunction (Dkt. # 4). Plaintiffs assert that this Court has jurisdiction over this case, because the complaint raises an issue as to the interpretation of IGRA. Dkt. # 2, at 3. Plaintiffs argue that Dellinger's June 6, 2017 letter cites IGRA as a legal basis for the MCN to prevent Kialegee from permitting gaming activities on the Bruner allotment, and plaintiffs claim that the federal government, not the MCN, has the exclusive jurisdiction to enforce IGRA. Id. at 4.

Kialegee has filed a separate lawsuit in the United States District Court for the District of Columbia against the Secretary of the Department of the Interior and other federal defendants seeking a declaratory judgment that Kialegee is a federally recognized Indian tribe that possesses "shared jurisdiction" with the MCN over the Bruner allotment. Kialegee Tribal Town v. Ryan K.

Zinke, Secretary of the Department of the Interior, 17-CV-1670, Dkt. # 1 (D.D.C. Aug. 17, 2017). Kialegee claims that it has jurisdiction over the Bruner allotment under a theory that the MCN and tribal towns own the land within the historical boundaries of the Creek Reservation in common, and Kialegee claims that there is "multi-tribal jurisdiction" or joint jurisdiction over the Bruner allotment. Kialegee asks the D.C. district court to reject the MCN's position that the MCN has exclusive jurisdiction over the Bruner allotment. In plaintiffs' motion for preliminary injunction in this case, plaintiffs make the following statement as to the scope of the federal question presented to this Court:

> Plaintiffs do not ask this Court to construct, apply or otherwise make pronouncements on the law of any sovereign or otherwise interfere with tribal affairs. Plaintiffs do not seek to sidestep administrative procedures. Plaintiffs seek only a temporary restraining order and preliminary injunction to preserve the status quo and enjoin the individual [d]efendants from taking further action under their wrongfully alleged authority under IGRA. The tribal sovereign jurisdictional issues are now before the NIGC and the United States District Court for the District of Columbia and are not part of this request for TRO and preliminary injunction.

Dkt. # 4, at 6-7 (emphasis omitted).

Plaintiffs assert that this Court has subject matter jurisdiction over this case because plaintiffs have presented a question arising under federal law.[1] Dkt. # 2, at 3. Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To establish that federal question jurisdiction

---

[1] Plaintiffs' complaint does not actually identify a specific claim for relief, and it is unclear if plaintiffs even intended to allege a claim against defendants. Instead, it appears that the entire purpose of filing this case was to obtain a preliminary injunction while Kialegee's other case was pending in the United States District Court for the District of Columbia. This by itself raises a question as to whether the Court can exercise jurisdiction over this case. However, the Court does not need to resolve this issue, as the Court lacks subject matter jurisdiction over this case for other reasons.

exists, the party seeking to invoke the Court's jurisdiction must show that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27-28 (1983). Section 1331 is ordinarily invoked as a basis for federal subject matter jurisdiction when a plaintiff alleges a claim that arises under federal law, such as 42 U.S.C. § 1983 or federal employment discrimination laws. Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005). In Louisville & N.R. Co. v. Mottley, 211 U.S. 149 (1908), the Supreme Court established the general rule that federal question jurisdiction may not be premised on a federal defense to a state law claim. In matters concerning the relationship of the federal government and Indian tribes, federal question jurisdiction can be invoked, even over a state law claim, when the case raises an issue as to federal statutory or regulatory authority over Indian lands. See Oneida Indian Nation of New York State v. Oneida County, New York, 414 U.S. 661 (1975). In addition, disputes concerning the extent of tribal sovereignty and the scope of jurisdiction of tribal courts can raise a substantial federal question giving rise to federal question jurisdiction. National Farmers Union Ins. Co. v. Crow Tribe of Indians, 471 U.S. 845, 850 (1985).

Plaintiffs have made it clear that they are not seeking to litigate in this case any issues of tribal sovereignty or jurisdiction over the Bruner allotment. Dkt. # 4, at 6-7. Such issues would qualify as federal questions giving rise to subject matter jurisdiction in this Court, but those issues are pending before the United States District Court for the District of Columbia and plaintiffs expressly disclaim any intention of litigating disputes as to jurisdiction over the Bruner allotment in this case. Id. Instead, the federal issue in this case concerns the alleged enforcement of IGRA

by an Indian tribe acting on its own behalf, rather than enforcement of IGRA by the federal government, and plaintiffs ask the Court to issue a temporary restraining order and preliminary injunction enjoining the defendants from excluding plaintiffs from the Bruner allotment based on alleged violations of IGRA. Plaintiffs have not alleged a federal claim for relief, and the Court can exercise jurisdiction over this case only if it finds that plaintiffs' complaint raises a substantial federal question that must be resolved. Plaintiffs must show that the federal issue raised by the complaint is actually in dispute and that resolving the contested issue of federal law will essential to disposing of the plaintiffs' case. See Grable & Sones Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 315 (2005).

The federal issue raised by plaintiffs concerns whether the MCN can rely on IGRA as a basis to enjoin gaming activities on the Bruner allotment. The primary allegation in support of plaintiffs' jurisdictional statement is that Dellinger cited IGRA in his June 6, 2017 letter to Bruner. Dkt. # 2, at 4 ("Defendant [Dellinger] cited IGRA in a letter to Mr. Bruner dated June 6, 2017, claiming [p]laintiffs had no right to engage in gambling activities on the Bruner allotment"). Plaintiffs have attached a copy of the letter to their motion for temporary restraining order and preliminary injunction and, while IGRA is cited, it is clear that the laws of the MCN are the primary legal basis for Dellinger's advice to Bruner about gaming activities on his allotment. Dellinger states that the Bruner allotment is "within the jurisdiction of the [MCN] and [is] therefore subject to the laws and regulation of the [MCN]." Dkt. # 4-3, at 2. He further states that "[a]ny gaming facility planned or operated within the jurisdiction of the [MCN] must first apply for and be granted a license by the [MCN] Office of Public Gaming." Id. He noted that the MCN Office of Public Gaming had not received any communication from Bruner, and Dellinger advised Bruner that it would constitute a

6

violation of tribal law to open an unlicensed gaming facility. Id. Dellinger refers to the MCN's "regulatory scheme" and "licensing process" as the basis for any enforcement action against Bruner. Id. The Court finds that Dellinger's letter does not establish that the MCN was attempting to enforce IGRA, and his letter clearly identifies tribal law as the basis for any enforcement action against Bruner. Plaintiffs' allegations concerning the raid on the Bruner allotment do not suggest that law enforcement officials were purporting to act under federal law, and the sole basis for inferring that IGRA is an issue in this case is Bruner's June 6, 2017 letter. While the enforcement of IGRA could raise a federal question, plaintiffs' complaint does not establish that the defendants were claiming to exercise authority under IGRA when taking possession of the Bruner allotment, and the most reasonable inference from plaintiffs' allegations and Dellinger's letter is that law enforcement officials were acting pursuant to tribal law. Thus, it is not necessary for the Court to decide the issue of federal law raised in plaintiffs' complaint in order to resolve this case and any ruling on the federal issue would be advisory. See Columbian Financial Corp. v. Bancinsure, Inc., 650 F.3d 1372, 1376 (10th Cir. 2011) ("Article III has long been interpreted as forbidding federal courts from rendering advisory opinions.").

The Court finds that it lacks subject matter jurisdiction over this case because plaintiffs have not shown in their complaint that the Court would be required to resolve a substantial and disputed question of federal law. Plaintiffs' complaint identifies an issue of federal law concerning the enforcement of IGRA by an Indian tribe, but plaintiffs have not adequately alleged facts supporting even an inference that the MCN was seeking to enforce IGRA. Dellinger's letter strongly supports the conclusion that the MCN was seeking to enforce its own laws when it took possession of the Bruner allotment. The law is clearly established that federal courts lack the authority to resolve

7

disputes over tribal law, and such disputes fall exclusively within the jurisdiction of tribal courts. Attorney's Process & Investigation Servs., Inc. v. Sac & Fox Tribe of Mississippi in Iowa, 609 F.3d 927, 943 (8th Cir. 2010); Wheeler v. United States Dep't of Interior, Bureau of Indian Affairs, 811 F.2d 549, 551-52 (10th Cir. 1987). The Court lacks jurisdiction to hear matters solely concerning the interpretation of tribal law, and plaintiffs must litigate their case in tribal court to the extent that plaintiffs' contest the enforcement of tribal gaming laws. As the parties seeking to invoke the jurisdiction of this court, plaintiffs bear the burden to establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of California, 463 U.S. at 27-28. Plaintiffs have failed to meet their burden, and this case should be dismissed.

**IT IS THEREFORE ORDERED** that this case is **dismissed without prejudice** due to lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 29th day of August, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE